H. G. SANDY ET AL., APPELLEES, v. WESTERN SARPY DRAINAGE DISTRICT ET AL., APPELLANTS.

FILED NOVEMBER 1, 1918.    No. 20645.

1. **Drains: APPORTIONMENT OF BENEFITS: INJUNCTION.** If one of the alleged grounds for enjoining the district board of a drainage

district from proceeding to an apportionment or reapportionment of benefits under the drainage act is that the state board has not approved of the plans and specifications of the improvements, the district court should allow the district board to submit its plans and specifications to the state board, and, if approved by that board, the court should thereupon proceed accordingly, but should not allow any contract to be let or work begun without application for such approval of the state board.

2. **Appeal: Review: Stipulation.** A stipulation made for the purpose of assisting the trial court in determining whether a temporary injunction shall be continued until the final trial of the case will not be considered in this court to prevent the parties from contesting here the only question which was afterwards finally tried upon its merits.

3. **Drains: Statute: Application.** Chapter 145, Laws 1911, does not apply to drainage districts organized before its enactment.

4. ————: **Apportionment of Benefits: Injunction.** The fact that the purpose of the proposed changes and improvements is the same as the purpose of the original plans and specifications is immaterial. The question here is whether the proposed plans and specifications contemplate such changes as may, in the reasonable discretion of the district board, render the original apportionment of benefits unequal and unjust.

5. ————: ————: ————. In this action to enjoin the district board from proceeding with the proposed reapportionment of benefits, it is not necessary to determine whether the original plans might have been so promptly and thoroughly executed as to accomplish the purpose of the improvement under the original apportionment, since the evidence will not justify the finding that the district board failed to exercise a reasonable discretion as to the time and manner of performing the work under the circumstances.

Appeal from the district court for Sarpy county: James T. Begley, Judge. *Reversed and dismissed.*

*Stout, Rose & Wells, A. E. Langdon* and *E. S. Nickerson,* for appellants.

*Vinsonhaler, McGuckin & Caldwell, contra.*

Sedgwick, J.

The defendant drainage district was organized under the act of 1907, Laws 1907, ch. 153 (Rev. St. 1913, secs. 1866-1901). The board of directors duly made an ap-

portionment of benefits under the statute, and afterwards proceeded and was about to make a reapportionment of benefits under the proviso of section 1879, Rev. St. 1913, which is as follows: "If there is such a change of plans or enlargement or extension of the work, as to make a different apportionment necessary, then the board of directors as to the future expenditures shall make a new apportionment of benefits, in which event all the procedure above mentioned for the original apportionment shall apply." This plaintiff and others began this action in the district court for Sarpy county to enjoin the proposed reapportionment of benefits. After the action had been dismissed as to all other plaintiffs, the district court found the issues in favor of this plaintiff, and enjoined the district from proceeding with the reapportionment, from which judgment the defendants have appealed.

The evidence shows without contradiction that it had become necessary for the district to make a further considerable expenditure of money, and the defendants contend that this work involved a change of plan or enlargement or extension of the work so that a reapportionment was necessary. This the plaintiff denied, and contends that "there was no change of plans, enlargement or extension of work from that originally adopted," and also contends that where there is a necessary change of plans the board cannot reapportion benefits when the change in the plans and specifications will cause additional expense "more than 15 per cent. above the estimated cost of the original plans," without such change and increased liability has been authorized, by an election, and no election has been held authorizing such proceedings.

It appears that the district board had not applied to the state board of irrigation, highways and drainage for an approval of its plans for this additional work when this action was begun, but afterwards, while the

action was pending in the district court, did make such application, and the said board, with a certain modification, approved the plans. The statute requires that such approval shall be had "before any contract is let or work begun." Rev. St. 1913, sec. 3423. The district board immediately modified its plans so as to conform to the decision of the state board and proceeded in this action accordingly. As this approval of the state board was made "before any contract is let or work begun," and the action of the state board was brought to the attention of the trial court before its final decree, it would seem to be proper for the trial court, in this equitable action, to consider that the plans of the district board had been properly approved, and to make its final judgment accordingly.

It is also contended that the decree of the trial court was entered by stipulation of the parties, and provided that the work might be proceeded with as approved by the state board, and the further order that it should be paid for by assessment upon the original apportionment. The contention seems to be that there is no issue left as to the necessity of new plans or any change of plans. After the temporary injunction had been allowed in this case, the question was raised whether it should be continued until the case could finally be tried and determined. The defendants had made some change in their plans in accordance with the findings and order of the state board, and the trial court, in passing upon the question whether the temporary injunction should be continued in view of these changes in the plans, recited in its order that the parties had stipulated that the temporary injunction should be continued in force restraining the defendants "from making any reapportionment of the benefits for the purpose of levying assessments or raising money to pay for any improvements now contemplated as shown by the plans and specifications

offered in evidence on the hearing for temporary injunction,'' and recited in the order: ''It being understood that said improvements, now contemplated, shall be paid for by assessment levied on the basis of the old apportionment heretofore made in said district.'' It is contended that the defendants are estopped by this recitation of the stipulation to now insist upon their right to proceed with the reapportionment. This order was entered in November, 1917, and the case was continued for trial upon its merits and tried in April following. The question then tried by the parties and determined by the court was as to whether the defendants should be perpetually enjoined from proceeding with the reapportionment; no reference in the trial being made to any stipulation to the contrary. Although the defendants made no objection to this recital in the order upon the application to continue the temporary injunction, they clearly are not now, under the circumstances, estopped to present the merits of the controversy upon this appeal.

In 1911 chapter 145 of the Laws of that year was enacted. Its purpose, as expressed in the title, was to amend one of the sections of the former act and to add other sections to the act. One of the sections added is section 44 (Rev. St. 1913, sec. 1914). It provided that the directors of the district should submit the plans, specifications and estimate of cost for the contemplated improvements to a vote of the electorate of the district, and then provided that ''no changes in such plans and specifications shall be made thereafter by said board which shall cost in the aggregate more than 15 per cent. above said estimated costs.'' In this case the proposed change in the plans and specifications would involve a cost of more than 15 per cent. of the estimated cost of the first plans and specifications, and it is contended that, as these proposed changes were not submitted to a vote of the electorate, the board was

not empowered to make this reapportionment of benefits. But this new section by its express terms applies only to "districts hereafter organized," and the words "such plans and specifications" refer plainly to the plans and specifications as have been adopted by a vote of the electors, and not the plans and specifications adopted by the board of directors under the statutes as they were when this company was organized.

The plaintiffs insisted and introduced a considerable evidence of experts and others to show that the "proposed work, upon which is based appellants' claim for a new apportionment, is identical in purpose with the plans originally adopted and upon which the present apportionment is based." The purpose of the original plans, and the purpose of the present plans, is to prevent the water from the rivers which adjoin the district and other waters from overflowing these lands, and to drain such lands as are, or may become, so wet as to need drainage. The plaintiffs' evidence showed that this purpose was at all times, and still is, the general purpose of the improvement. The plans and specifications for these improvements, as they are now contemplated, have been approved by the state board. The district board has authority to proceed with the improvements according to these plans and specifications. The question is whether "there is such a change of plans or enlargement or extension of the work as to make a different apportionment necessary." Rev. St. 1913, sec. 1879. The district borders for some distance on the Elkhorn and Platte rivers. The water from these rivers has affected some of the tracts of land in the district much more than was anticipated when the original apportionment of benefits was made. It has washed away and destroyed the major part of some of the tracts of land, so that it is now impossible that they should be benefited as it was anticipated that they

would be. Other tracts of land in the district are not directly affected by the action of the river. By the original plans and specifications it was estimated that much the larger proportion of the expense would be occasioned by the necessity of draining the lands not so directly affected by the river. Under the proposed change in the plans and specifications, which has been approved by the state board, it is estimated and contemplated that much the larger proportion of the expenses will be made necessary to protect the tracts of land that are exposed to the action of the river and to the overflow of water therefrom. It seems clear from this evidence that some of these tracts of land will receive a much larger proportion of benefits from the improvements now contemplated than they could have received from the improvements contemplated under the former apportionment. On the other hand, many tracts of land will be little, if any, benefited by the additional expense made necessary by the proposed changes. It is contended that the district board failed to properly carry out the original plans; that their neglect to perform the work as called for by the plans is the cause of the necessary expense of the plans now adopted. The board replies that this plaintiff was a member of the district board while the work was done under the original plans, and made no objection to the manner of doing the work, nor to any act or failure to act by the board, but, on the contrary, participated therein. However that may be, we do not find in the record sufficient evidence to establish any such misconduct or neglect on the part of the board.

We have in this case only to determine whether any changes should be made in the apportionment of benefits. The question as to what changes should be made, and how the apportionment should be made, is not before the court, and should not be at all prejudiced by these proceedings The district board will

fix a time for making the reapportionment, giving notice to the electors as the statute provides, and all parties interested or affected by the apportionment will be given an opportunity to be heard before the board. If the district board should make any improper or unjust apportionment of benefits, the parties affected may, under the statute, appeal from the reapportionment.

The judgment of the district court is reversed, and the cause dismissed.

REVERSED AND DISMISSED.

LETTON and ROSE, JJ., not sitting.